**UNITED STATES of America,
Appellee,**

v.

**Okobo VIEIRA, Defendant–Appellant.**

No. 06–4109–cr.

United States Court of Appeals,
Second Circuit.

May 28, 2008.

Paige Petersen, Assistant United States Attorney (David C. James, on the brief), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

1. The Honorable J. Clifford Wallace, United States Court of Appeals for the Ninth Circuit, sitting by designation.

David Samel, New York, NY, for Appellant.

Present: Hon. RICHARD C. WESLEY, Hon. DEBRA ANN LIVINGSTON and Hon. J. CLIFFORD WALLACE,[1] Circuit Judges.

## SUMMARY ORDER

Okobo Vieira appeals from a judgment entered on August 30, 2006 in the United States District Court for the Eastern District of New York (Block, *J.*), convicting him, following a jury trial, of conspiring to import cocaine, importing cocaine, and conspiring to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 963, 952(a), 846, and 841, respectively. The conspiracy was led primarily by a Guyanese national named Devendra Persaud. Persaud's girlfriend, Alicia Jagnarain, testified as a cooperating witness for the government at trial. The district court sentenced Vieira to 140 months of incarceration, to be followed by five years of supervised release, and also imposed a special assessment of $500. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

On appeal, Vieira argues: (1) that the evidence at trial was insufficient to support his convictions on counts one and two of the Indictment, which respectively charged him with conspiring to import more than five kilograms of cocaine in January 2003, and importing more than five kilograms of cocaine in January 2003; (2) that the district court erred in admitting hearsay evidence; (3) that the government violated his Sixth Amendment right to confrontation by eliciting testimony regarding a co-defendant's post-arrest confession; and (4)

that the government's unintentional failure to disclose a report containing debriefings of a government witness entitles him to a new trial.

■ We review *de novo* a challenge to the sufficiency of evidence and "affirm if the evidence, when viewed in its totality and in the light most favorable to the government, would permit any rational jury to find the essential elements of· the crime beyond a reasonable doubt." *United States v. Geibel*, 369 F.3d 682, 689 (2d Cir.2004). Vieira argues that the evidence was insufficient to establish that he knew the January 28, 2003 scheme to import cargo involved illegal drugs, as opposed to some other type of contraband. The government, however, introduced a drug ledger and testimony which indicated that Vieira had purchased kilogram quantities of cocaine from Persaud prior to January 28, 2003. Moreover, Jagnarain testified that Vieira was involved in a scheme to import cocaine in cargo handled by his place of business, and that Vieira's role was to "get [the cargo] out of the shipping company, so they didn't have to produce a person ... with an ID." When the cargo was intercepted by Customs at JFK Airport, it was Vieira who alerted Persaud to the seizure. The jury was entitled to conclude that someone who was so deeply involved in the scheme could not have remained ignorant of the scheme's essential objective. Viewed in the light most favorable to the government, the evidence sufficiently established Vieira's guilt on counts one and two.

■ Rule 801(d)(2)(E) of the Federal Rules of Evidence provides that "[a] statement is not hearsay if ... [it] is offered against a party and is ... [made] by a coconspirator of a party during the course and in furtherance of the conspiracy."

The contents of the hearsay statement at issue "shall be considered but are not alone sufficient to establish ... the existence of the conspiracy." Fed.R.Evid. 801(d)(2)(E). Vieira argues that certain hearsay testimony by Jagnarain—relating a statement of Persaud—was incorrectly admitted under Rule 801(d)(2)(E) because there was insufficient independent evidence of Vieira's involvement in the conspiracy, and Persaud's statement was not made in furtherance of the conspiracy. Because Vieira did not object to this testimony at trial, we review his claim for plain error. *See* Fed.R.Crim.P. 52(b). The independent evidence of Vieira's involvement with the conspiracy included a drug ledger which indicated an ongoing drug-related relationship between Persaud and Vieira prior to the January 2003 importation, telephone records which revealed that more than 350 calls were made between phones registered to Vieira and Persaud over a six-month period, and documentary evidence which established that Vieira's father's company was used in the importation scheme. This evidence sufficiently established "a likelihood of an illicit association between the declarant and the defendant." *United States v. Ginsberg*, 758 F.2d 823, 828 (2d Cir.1985) (internal quotation marks omitted). Further, Persaud's statement to a co-conspirator communicated the logistics of the importation scheme, thereby facilitating criminal activity. [T 198–99]. Thus, the admission of Jagnarain's hearsay testimony did not constitute plain error.

Vieira further argues that the government violated his Sixth Amendment right to confrontation by eliciting Special Agent Michael Giovanoni's testimony that one of Vieira's co-defendants, Brentnol Hooper, admitted to carrying one of Vieira's cell phones on the day of the failed importa-

tion. *See Bruton v. United States,* 391 U.S. 123, 126, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) (despite jury instructions to the contrary, admission of a non-testifying co-defendant's confession violated petitioner's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment). Because Vieira did not object to this portion of Giovanoni's testimony at trial, his claim is reviewed for plain error.[2] *See* Fed.R.Crim.P. 51(b); Fed.R.Evid. 103(a)(1). The fact that Hooper had a cell phone that was registered to Vieira was established by independent and uncontroverted documentary evidence. And, in light of the fact that Vieira's father owned the import/export business for which Hooper worked, Hooper's possession of a cell phone registered to Vieira was not materially incriminating. In contrast to Vieira's assertion, nothing in Giovanoni's testimony established that Vieira gave Hooper the phone for the purpose of carrying out the smuggling operation. Indeed, the entirety of Giovanoni's testimony about Hooper's statement was that Hooper had said "he had his own phone, and one in the name of Okobo Vieira" on the day of the seizure. [GA 235]. Thus, Vieira cannot establish that the admission of this testimony amounted to plain error.

■ Vieira's final claim is that the government's unintentional non-disclosure of "3500 material," *see* 18 U.S.C. § 3500, entitles him to a new trial. When the government's failure to disclose "3500 material" is unintentional, "a new trial is required only if there is a significant chance that this added item, developed by skilled counsel, could have induced a reasonable doubt in the minds of enough jurors to avoid a conviction." *United States v. Jackson,* 345 F.3d 59, 78 n. 14 (2d Cir.2003). Vieira does not identify anything in the undisclosed report that was not already evoked at Jagnarain's cross-examination. The jury credited Jagnarain's testimony despite Vieira's substantial efforts to discredit her and, as a result, it is highly unlikely that the addition of one cumulative proffer report would have changed the outcome of the trial. Furthermore, while Jagnarain's testimony formed the bulk of the government's case against Vieira, there was independent evidence corroborating her claim that Vieira was involved in the conspiracy: (1) the drug ledger; (2) telephone records establishing hundreds of phone calls between phones registered to Persaud and Vieira; and (3) the involvement of Vieira's father's business in the shipment of drugs, which was established through documentary evidence. Thus, no new trial is required.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

**YAN YU YANG,[1] Petitioner,**

**v.**

---

**2.** Although Vieira asserts that plain error review is inapplicable because the government mentioned *Bruton* prior to Giovanoni's testimony, the government's prediction that Giovanoni's testimony would avoid *Bruton* issues did not relieve Vieira of his obligation to timely object and state the specific grounds

for his objection, if not apparent. *See* Fed. R.Crim.P. 51(b); Fed.R.Evid. 103(a)(1).

**1.** Petitioner has also been known as Yu Yan Yang, Yanyu yang, Yang Yan Yu, Yanyun Yang, and Yan–Yu Yang.